United States District Court
Middle District of Florida
Orlando Division

**JAMES HON,**

    *Plaintiff,*

v.                                            **NO. 6:17-cv-1118-Orl-41PDB**

**COMMISSIONER OF SOCIAL SECURITY,**

    *Defendant.*

## Report & Recommendation

James Hon has filed a complaint under 42 U.S.C. §§ 405(g) and 1383(c)(3) to review a final decision of the Acting Commissioner of Social Security denying his claims for disability insurance benefits and supplemental security income. Doc. 1. The Acting Commissioner has filed an answer and the administrative record. Docs. 12, 14.

Before the Court is the Acting Commissioner's unopposed motion for an order reversing the decision and remanding the action to the Acting Commissioner with these directions:

> On remand, the Appeals Council will refer the matter to an administrative law judge (ALJ) with instructions to evaluate the claimant's alleged mental impairments using the B criteria psychiatric review technique pursuant to the Listings in Section 12.00. If necessary, the ALJ will further evaluate the claimant's residual functional capacity and further assess the claimant's ability to perform past relevant work. The ALJ will, if warranted, obtain supplemental evidence from a vocational expert to clarify the effects of the assessed limitations on the occupational base. Finally, the ALJ will reconsider only the time period before January 6, 2016.

Doc. 19 at 1–2. The Acting Commissioner also seeks entry of final judgment under Federal Rule of Civil Procedure 58. The Acting Commissioner states her belief that this is the "appropriate action." Doc. 19 at 2.

When reviewing a final decision of the Acting Commissioner of Social Security, a district court may "enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision … with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g); *see* 42 U.S.C. § 1383(c)(3) (incorporating § 405(g) for supplemental security income).

If a claimant has a medically determinable mental impairment, the ALJ "must follow" a special technique that includes rating the degree of functional limitations resulting from the impairment. 20 C.F.R. §§ 404.1520a(1)–(2); 416.920A(1)–(2). Hon contends the ALJ failed to follow the special technique, Doc. 16 at 9–13, a review of the ALJ's decision shows he is correct, *see* Tr. 15–43, and the Acting Commissioner appears to agree, Doc. 19 at 2. To address the error, reversal and remand are warranted.

I recommend:

1. **granting** the Acting Commissioner's motion, Doc. 19;

2. **reversing** the Acting Commissioner's decision under sentence four of 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c)(3);

3. **remanding** the action with these directions:

   > On remand, the Appeals Council will refer the matter to an administrative law judge (ALJ) with instructions to evaluate the claimant's alleged mental impairments using the B criteria psychiatric review technique pursuant to the Listings in Section 12.00. If necessary, the ALJ will further evaluate the claimant's residual functional capacity and further assess the claimant's ability to perform past relevant work. The ALJ will, if warranted, obtain supplemental evidence from a vocational expert to clarify the effects of the assessed limitations on the occupational base.

> Finally, the ALJ will reconsider only the time period before January 6, 2016.

and

4. **directing** the clerk to enter judgment in favor of James Hon and against the Acting Commissioner of Social Security and close the action.*

**Entered** in Jacksonville, Florida, on February 16, 2018.

_____
PATRICIA D. BARKSDALE
*United States Magistrate Judge*

c:   Counsel of Record

---

*"Within 14 days after being served with a copy of [a report and recommendation on a dispositive motion], a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." *Id.* A party's failure to serve and file specific objections to the proposed findings and recommendations alters the scope of review by the District Judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made. *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1; Local Rule 6.02.