United States District Court
Middle District of Florida
Orlando Division

**JAMES HON,**

    *Plaintiff,*

v.                                              **NO. 6:17-cv-1118-Orl-41PDB**

**COMMISSIONER OF SOCIAL SECURITY,**

    *Defendant.*

---

### Report & Recommendation

    The Court reversed the Commissioner of the Social Security Administration's denial of James Hon's application for disability-insurance benefits and supplemental security income and remanded for further proceedings under sentence four of 42 U.S.C. § 405(g). Doc. 21. Hon now requests $3,522.36 in attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. Doc. 23. The Commissioner does not oppose the request. Doc. 23 at 2.

    In ruling on an EAJA request, a court must decide if the requesting party is eligible and the requested attorney's fees are reasonable. *Comm'r, I.N.S. v. Jean*, 496 U.S. 154, 160–61 (1990). A party is eligible if (1) he prevailed in a case against the United States, (2) his request is timely, (3) his net worth did not exceed $2 million when he filed the case, (4) the United States' position was not substantially justified, and (5) no special circumstance would make the award unjust. *Id.* at 158; 28 U.S.C. §§ 2412(d)(1) & (2).

    A social-security plaintiff prevails if the court orders a sentence-four remand. *Shalala v. Schaefer*, 509 U.S. 292, 300–02 (1993). An EAJA request is timely if made within 30 days of the final judgment, which, if no appeal is taken, is 90 days from the

judgment's entry. *See* 28 U.S.C. §§ 2412(d)(1)(B) & (d)(2)(G) ("final judgment" is judgment that is final and not appealable); Fed. R. App. P. 4(a)(1)(B) (notice of appeal must be filed within 60 days of judgment in case in which United States is party). An EAJA request must contain an allegation that the Commissioner's position was not substantially justified, *Jean*, 496 U.S. at 160, and, if made, the Commissioner bears the burden of showing it was, *United States v. Jones*, 125 F.3d 1418, 1425 (11th Cir. 1997). A court may deny an EAJA request based on equitable considerations. *Scarborough v. Principi*, 541 U.S. 401, 422−23 (2004).

The first four conditions are satisfied here, and, as to the fifth, no equitable consideration is apparent or presented that would make an EAJA award unjust. Hon prevailed because the Court ordered a sentence-four remand. Doc. 21. His June 22, 2018, request, Doc. 23, was timely because he made it within 30 days of August 1, 2018—the date on which the Court's May 1, 2018, judgment, Doc. 22, became final. He represents that his net worth did not exceed $2 million when he filed this case, Doc. 23 ¶ 7, and the undersigned accepts that representation. His motion includes an allegation that the Commissioner's position was not substantially justified, Doc. 23 ¶ 5, and the Commissioner has not attempted to satisfy her burden of showing otherwise. The Commissioner does not contend this case presents a special circumstance, and none is apparent. Thus, Hon is eligible to receive an EAJA award, and the only remaining issue is whether the requested amount is reasonable.

The EAJA provides an attorney's fee "shall be based upon prevailing market rates for the kind and quality of the services furnished, except ... shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living [since March 1996, when the amount was last amended] or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A)(ii).

An EAJA award is to the party, not his attorney, and subject to an offset to satisfy any pre-existing debt the party owes to the United States. *Astrue v. Ratliff*, 560 U.S. 586, 592–93 (2010).

"The EAJA ... establishes a two-step analysis for determining the appropriate hourly rate to be applied in calculating attorney's fees under the Act." *Meyer v. Sullivan*, 958 F.2d 1029, 1033 (11th Cir. 1992). "The first step ... is to determine the market rate for similar services provided by lawyers of reasonably comparable skills, experience, and reputation." *Id.* (internal quotation marks omitted). "The second step, which is needed only if the market rate is greater than [$125] per hour, is to determine whether the court should adjust the hourly fee upward from [$125] to take into account an increase in the cost of living [since 1996], or a special factor." *Id.* at 1033–34. "By allowing district courts to adjust upwardly the [$125] hourly fee cap to account for inflation, Congress undoubtedly expected that the courts would use the cost-of-living escalator to insulate EAJA fee awards from inflation[.]" *Id.* at 1034.

If adjusting the fee cap, a court should use the cost-of-living increase to when the attorney performed the work, not to a later time. *Masonry Masters, Inc. v. Nelson*, 105 F.3d 708, 711–12 (D.C. Cir. 1997). To do otherwise amounts to awarding interest for which the United States has not waived sovereign immunity. *Id.*; *see also United States v. Aisenberg*, 358 F.3d 1327, 1346 n.28 (11th Cir. 2004) (finding *Masonry* and similar opinions persuasive in an analogous context).

The party requesting fees must demonstrate reasonableness. *Norman v. Housing Auth. of City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988). That burden includes "supplying the court with specific and detailed evidence." *Id.* at 1303. A court itself is an expert on reasonable rates, may consider its own "'knowledge and experience'" concerning reasonable rates, and may "'form an independent judgment either with or without the aid of witnesses as to value.'" *Id.* at 1303 (quoting *Campbell v. Green,* 112 F.2d 143, 144 (5th Cir. 1940)).

Besides demonstrating the reasonableness of rates, a party requesting fees must show the reasonableness of the number of hours expended. *Watford v. Heckler*, 765 F.2d 1562, 1568 (11th Cir. 1985). Reasonable time spent preparing an EAJA fee motion is compensable. *Comm'r, INS v. Jean*, 496 U.S. 154, 157 (1990).

Hon is represented by Richard Culbertson, Esquire, and Sarah Fay, Esquire. Neither attorney provides an affidavit on their experience or customary rate. It is known in the legal community and reflected in their many appearances in social-security cases here (more than 100 for Culbertson and more than 30 for Fay) that they specialize in social-security work and have done so for many years. Records of The Florida Bar indicate Culbertson has been a member since 1991 and Fay has been a member since 2011. *See* "Find a Lawyer" on www.floridabar.org.

Hon submits two "schedules of hours" from Culbertson's firm. Doc. 23 at 9–10. The first schedule shows Culbertson spent 1.2 hours between June and September 2017 and .2 hours between February and May 2018, which added together equal 1.4 hours. Doc. 23 at 9. The second schedule shows Fay spent 15.1 hours between June and December 2017 and 1.4 hours between January and June 2018, which added together equal 16.5 hours. Doc. 23 at 10. The schedules show the tasks Culbertson and Fay performed and the time they took to perform them. Doc. 23 at 9–10. Tasks included reviewing the record and rulings, discussing the case with Hon, and preparing the brief in opposition to the Commissioner's decision. Doc. 23 at 9–10. The administrative record is 1639 pages. Doc. 14.

Hon's $3,522.36 request is based on the total time (17.9 hours) multiplied by $196.78. The $196.78 rate is based on the $125 EAJA cap and a cost-of-living increase indexed from March 1996 to the "annual all urban consumer price index ["CPI"] for 2017." Doc. 23 at 7. Hon does not explain why he chose that data point, considering Culbertson and Fay worked from June 2017 through June 2018, with 13.5 of the 17.9 hours being performed on October 31 and November 1, 2017. Doc. 23 at 9–10.

On the first step (determining the market rate for similar services provided by lawyers of reasonably comparable skills, experience, and reputation), based on the undersigned's own knowledge and expertise, the market rate in Orlando for services provided by lawyers of comparable skills, experience, and reputation to Culbertson and Fay exceeds $125 an hour.

On the second step (determining whether to adjust the rate upward from $125), the increase in the cost of living justifies an upward adjustment from $125 based on the increase in the cost of living for urban areas from March 1996 to when Culbertson and Fay performed their work. The $196.78 rate that Hon proposes for all his lawyers' work is appropriate (and slightly less than the $198.03 rate indexed to November 2017). On the reasonableness of the hours, none of the work done by Culbertson or Fay appears clerical or secretarial, and none appears excludable as unnecessary. *See* Doc. 23 at 9–10. The number of hours is reasonable.

Using the reasonable number of hours and the reasonable rate as requested, attorney's fees of $3,522.36 (17.9 x $196.78 = $3,522.36) are appropriate.

Hon states, "Plaintiff assigned his right to attorney fees to … Culbertson. The parties have agreed that after the Court issues an order awarding EAJA fees to Plaintiff, the Commissioner will determine whether Plaintiff owes a debt to the government. If the U.S. Department of the Treasury determines that Plaintiff does not owe a federal debt, the government will accept Plaintiff's assignment of EAJA fees and pay fees directly to Plaintiff's counsel." Doc. 23 ¶ 9. He attaches a retainer agreement with the assignment. Doc. 23-1. He asks the Court to "authorize payment of the attorney fees to Plaintiff's counsel if the Commissioner determines Plaintiff does not owe a debt to the government." Doc. 23 at 3. Because the Commissioner does not oppose the request and there is no apparent reason to deny it, directing the Commissioner to pay the award directly to Culbertson if the Commissioner determines Hon owes no federal debt—in accordance with the assignment and parties' agreement—is warranted.

**Recommendations**[*]

Because Hon is eligible and his requested attorney's fees are reasonable, the undersigned recommends:

(1) **granting** the motion for EAJA fees, Doc. 23;

(2) **awarding** Hon **$3,522.36** in attorney's fees;

(3) **directing** the Commissioner to pay the award directly to Culbertson if the Commissioner determines Hon owes no preexisting federal debt; and

(4) **directing** the Clerk of Court to enter judgment in favor of Hon and against the Commissioner in the amount of **$3,522.36**.

**Entered** in Jacksonville, Florida, on August 22, 2018.

_____
PATRICIA D. BARKSDALE
*United States Magistrate Judge*

c:   The Honorable Carlos E. Mendoza
     Counsel of Record

---

[*]"Within 14 days after being served with a copy of [a report and recommendation on a dispositive motion], a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." *Id.* A party's failure to serve and file specific objections to the proposed findings and recommendations alters the scope of review by the District Judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made. *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1; Local Rule 6.02.